# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Deputy U.S. Marshal, Jeremy Loesch, being first duly sworn, depose and state as follows:

I make this affidavit in support of an application for a search warrant authorizing the examination of:

1. Dell Latitude D810 laptop computer, CN-0D8006-12961-57H-2373, Service Tag 8VPN481 (hereinafter Device 1)

2. Apple I-Phone, Model A1387, EMC 2430, FCC ID: BCG-E2430A, IC: 579C-E2430A (hereinafter Device 2)

Device 1 is owned by Chester E. Bowers (hereinafter Bowers)and Device 2 was purchased by Heather Roth, but it was used by Bowers. The Devices are in the custody of the U.S. Marshals Service and are being stored at the U.S. Marshals Service Offices in secured storage, located at 517 E. Wisconsin Ave. Suite 38 Milwaukee, Wisconsin and the extraction from the Devices of certain things described in Attachment A.

I am a Deputy with the U.S. Marshals Service, having been employed for over ten years. As part of my duties, I investigate violations of federal and state laws including those relating to fugitives. I have also received specialized training in the investigation of violations of the Adam Walsh Act.

I make this affidavit in support of an alleged violation of the Adam Walsh Act, Title 18 U.S.C. Sections 2250(a).

1. The information contained in this affidavit is based on my training and experience, as well as information provided to me by other law enforcement officers and citizens, whom I believe to be truthful and reliable. This affidavit is not an exhaustive account of everything I know about this case. Rather, it contains only the facts that I believe are necessary to establish probable cause to search the Devices, described above, owned and used by Chester E. Bowers.

2. On March 23, 2000, Bowers was convicted in the Court of Common Pleas in Lycoming County, Pennsylvania of Indecent Assault and Corruption of Minors. As a result of these convictions Bowers is required to register as a sex offender.

3. Bowers has acknowledged his requirement to register as a sex offender with the Pennsylvania Sex Offender Registration on at least the following dates by signing

form SP 4-218 on 11/07/2007, 3/06/2008, 11/15/2008, 6/15/2009, 6/19/2009, 11/10/2009, and 1/14/2010.

4. On December 21, 2010, Pennsylvania State Trooper Angela Bieber conducted a compliance check at Bowers registered address; XX Harvest Moon #30, Linden, Pennsylvania after Bowers failed to respond to an annual verification. Beiber's investigation revealed that Bowers had left this residence in late October, 2010 and his whereabouts were unknown. A Pennsylvania warrant was obtained for Bowers arrest charging him with violation of the sex offender registry.

5. In January of 2013, the Pennsylvania State Police requested assistance from the U.S. Marshals Service in locating and arresting Bowers. The subsequent investigation revealed that Bowers may be using the alias name and date of birth of a former roommate; Brian K. Gallagher, DOB: XX/XX/1968.

6. On April 29, 2013, Deputy Marshals in the Middle District of Pennsylvania contacted the Eastern District of Wisconsin requesting assistance in locating and arresting Bowers. Information provided at that time included the potential alias information for Bowers as well as a possible address for Bowers as XXXX S. 70th St, West Allis, Wisconsin.

7. On May 3, 2013, the West Allis Police Department, acting on an investigative intelligence bulletin, went to Bowers address, XXXX S. 70th St. West Allis, Wisconsin. Contact was made with Heather Roth and a white male who identified himself as Brian K. Gallagher. The man was asked if he knew a Chester Bowers, he denied that he did. The man was asked if he was Chester Bowers, he denied that he was. When the man was shown a picture of Bowers and asked again if he was Bowers, he admitted his true identity as Chester E. Bowers. Bowers was placed into custody based upon the Pennsylvania warrant and transported to the West Allis Police Department.

8. Bowers was advised of his *Miranda* Rights by West Allis Police Department Detective Stacie Napolie. Bowers knowingly and intentionally waived his *Miranda* Rights and provided a statement where he admitted to residing at XXXX S. 70th St, West Allis, Wisconsin for approximately 3 years. Bowers stated that he leased the residence in the name of Brian K. Gallagher and paid $700 a month in rent. Bowers said he knew there was a warrant for his arrest in Pennsylvania for

Failure to Register and that he left Pennsylvania to get "a fresh start." Bowers admitted living under the alias of Brian Gallagher to avoid his sex offender registration requirements.

9. The Wisconsin Sex Offender Registry was contacted regarding Bowers. A search of records was unable to locate any record of Chester E. Bowers or Brian K. Gallagher ever registering as a sex offender in the State of Wisconsin.

10. On May 3, 2013, Bowers was charged by criminal complaint in the Eastern District of Wisconsin with a single count violating the Adam Walsh Act, Title 18 U.S.C. Sections 2250(a).

11. On May 8, 2013, I interviewed Bowers' roommate Heather Roth at their residence, XXXX S. 70th St. West Allis, Wisconsin. During that interview Roth identified Device 1 and Device 2 as belonging to Bowers. Roth admitted that Device 2 was registered to her AT&T account and that she paid for it, but Roth identified Bowers as the sole user of Device 1 and Device 2. With Bowers consent Device 1 and Device 2 were seized and transported to the U.S. Marshals Service Offices at 517 E. Wisconsin Ave. Suite 38 Milwaukee, Wisconsin.

12. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of such criminal offenses may be located in the computer, as in Attachment A, in violation of Adam Walsh Act, Title 18 U.S.C. Section 2250.

## ATTACHMENT A

All records relating to violations of Title 18, United States Code, Section 2250(a), including:

   a. Information relating to where Chester E. Bowers (hereinafter "Bowers") is an employee;
   b. Information relating to Bowers work;
   c. Information relating to where Bowers is a student;
   d. Information relating to where Bowers resided;
   e. Evidence of who used, owned, or controlled the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," and instant messaging logs;
   f. Evidence of software that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;
   g. Evidence of the lack of such malicious software;
   h. Evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;
   i. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Devices;
   j. Evidence of the times the Devices was used;
   k. Passwords, encryption keys, and other access devices that may be necessary to access the Devices;
   l. Contextual information necessary to understand the evidence described in this attachment;

1